UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH LITTLE and ALBERT CAFFERELLI,

                                   Plaintiffs,
        v.                                                12-CV-6386T

LANDSMAN DEVELOPMENT CORPORATION and              **ORDER**
PHILLIPS VILLAGE PRESERVATION L.P.,

                                   Defendants.
_____

        Plaintiffs Kenneth Little ("Little") and Albert Cafferelli
("Cafferelli") bring this action against defendants Landsman
Development Corporation ("Landsman") and Phillips Village
Preservation L.P., claiming that the defendants have violated their
rights under the Fair Housing Act and the New York State Fire
Prevention and Building Code. Specifically, plaintiffs, who allege
that they are disabled tenants of the Phillips Village apartment
complex, which is owned and operated by Landsman, claim that the
defendants improperly removed wheelchair ramps used by the
plaintiffs to access their respective apartments, thus depriving
plaintiffs of reasonable and safe access to their apartments.

        Plaintiffs move for a Preliminary Injunction seeking an Order
from the Court directing defendants to reinstall the ramps during
the pendency of the instant litigation. According to the
plaintiffs, they will suffer irreparable harm if the ramps are not
reinstalled because they will continue to be without one means of
access to their respective apartments. Plaintiffs further allege
that they are likely to succeed on the merits of their claims

because the defendants' modifications fail to comply with New York State building codes, and removal of access ramps constitutes a violation of the Fair Housing Act.

Defendants oppose plaintiffs' motion on grounds that plaintiffs have failed to establish that they will likely succeed on the merits of their claim or that they have been subjected to irreparable harm.  Specifically, the defendants contend that the removal of the preexisting ramps was performed in conjunction with plans that were in compliance with all state and local building codes, and which were specifically approved by the local fire department.  Defendants further contend that the removal of the ramps does not unlawfully limit or restrict access to any portion of the apartment complex.

For the reasons set forth below, I deny plaintiffs' request for a preliminary injunction.

BACKGROUND

Plaintiffs Kenneth Little and Albert Cafferelli are residents of the Phillips Village Apartment Community, a complex consisting of 33 apartment buildings and 500 residential units.  According to the Complaint, Little uses a wheelchair for mobility, and Cafferelli has limited ambulatory mobility due to various medical conditions.  Little rents a one-bedroom first floor apartment, and Cafferelli rents a two-bedroom, first floor unit.  Both units are wheel-chair accessible through the primary, front-door access way.

Prior to renovations of their respective apartments, each of the units rented by the plaintiffs included a raised patio area at the back of the unit which was accessed by a sliding glass door. With respect to the plaintiffs' apartments, (but not all of the apartments in the complex), each rear patio area included a ramp which led to a large, unimproved grassy area.  Aside from being mowed, the grassy area was not otherwise maintained or considered or intended by the defendants to be a common area.  According to the defendants, Phillips Village maintains a recreation area including picnic tables, a baseball diamond, playground, and basketball court for the use and enjoyment of all tenants.  By contrast, the large grassy yard which adjoins the back of the plaintiffs' apartments contains no sidewalks, tables, benches, or recreational equipment.  Additionally, the yard is not maintained in the winter.

In late, 2011, Landsman announced to the residents of Phillips Village that it was undertaking a significant renovation project to be completed in 2012.  According to the defendants, residents were notified of the proposed renovations, and several meetings were held in early 2012 to discuss the upcoming renovations. According to Landsman, prior to commencing with the renovations, the defendants received approvals for the proposed renovations from the Town of Webster Fire Department and the New York State Division of Housing and Community Renewal.  On May 18, 2012, and June 14, 2012, respectively, Little and Cafferelli were notified that the

renovations to their respective patios would begin shortly thereafter.  Pursuant to the renovation plans, the rear patio of each plaintiff's unit was to be enclosed, and the ramps removed. Indeed all first-floor units were to have enclosed patios, with no access ramps or stairs from the grassy area to the patio. According to the plaintiffs, Little's ramp was removed on May, 18, 2012, and Cafferelli's ramp was removed on June 18, 2012. Thereafter, on July 20, 2012, plaintiffs filed the instant Complaint alleging that the removal of the ramps violates the New York State Building Code and the Fair Housing Act because it renders their units less-accessible than they were prior to the renovations being commenced, and because it removes an emergency escape route from their apartments.

DISCUSSION

I.   Preliminary Injunction Standard

For a party to be entitled to a preliminary injunction, the party must demonstrate: (1) that it is subject to irreparable harm; and (2) that it will either likely succeed on the merits of the case, or that there are sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and that a balancing of the hardships between the parties weighs decidedly in favor of the party requesting the relief.  Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2nd Cir. 1979); Faiveley Transport Malmo AB v. Wabtec Corp., 559 F.3d 110, 116 (2nd Circ., 2009).  To establish irreparable harm, the party seeking relief must allege an injury "that [requires] a remedy of

more than mere money damages." <u>Ford v. Reynolds</u>, 316 F.3d 351, 355 (2nd Circ., 2003)(<u>quoting</u> <u>Tucker Anthony Realty Corp. v. Schlesinger</u>, 888 F.2d 969, 975 (2d Cir.1989).

II.   Plaintiffs have failed to establish that they are <u>entitled to a preliminary injunction</u>.

"The decision to issue injunctive relief 'rests in the sound discretion of the district court....'" <u>WestLB AG v. BAC Florida Bank</u>, 2012 WL 3135825, at *3 (S.D.N.Y., August 02, 2012)(<u>citing</u> <u>Meringolo v. Power2ship</u>, 2003 WL 21750009, at *3 (S.D.N.Y. Jul. 28, 2003). A preliminary injunction, however, "is an extraordinary and drastic remedy ... that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion." <u>Gwathmey Siegel Kaufman & Associates Architects, LLC v. Mitchell Rales</u>, 2012 WL 2247938, at *2 (June 15, 2012)(emphasis in the original). In the instant case, I find that plaintiffs have failed to make a clear showing that they are likely to succeed on the merits of their claims, or that they will suffer irreparable harm in the absence of a grant of injunctive relief.

A.   Plaintiffs have failed to establish that they will likely <u>succeed on the merits of their claims</u>.

1.   <u>Fair Housing Act Claim</u>.

The Fair Housing Act provides that it is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap" of the person seeking housing. 42 U.S.C. § 3604(f)(2). To state a claim for disability discrimination under the Fair

Housing Act, a plaintiff must establish that he is a member of a protected class, that a reasonable accommodation or modification to the plaintiff's housing is necessary to provide the plaintiff with an equal opportunity to use and enjoy his housing, and that the defendant has refused to make or permit the accommodation or modification.  42 U.S.C. § 3604(f)(3)(A),(B).

In the instant case, plaintiffs claim that the defendants have violated the Fair Housing Act by removing a reasonable accommodation, and in doing so, rendering plaintiffs less able to use and enjoy their apartments.  I find however, that the plaintiffs have failed to establish that the presence of ramps from their rear patios to the grassy area constitutes a reasonable modification that is necessary to provide them with equal opportunities to use and enjoy their housing.  Pursuant to the renovation plan for the apartment complex, no units, either for handicapped or non-handicapped residents, include direct access to the grassy area.  Accordingly, plaintiffs are not denied a type of access to an area that is available to non-handicapped residents. Instead, no residents have direct access to the grassy area from their apartments, and accordingly, plaintiffs can not establish that their access to the grassy area is not equal to access afforded non-handicapped residents.  See Cinnamon Hills Youth Crisis Ctr., Inc. v. St. George City, 2012 U.S. App. LEXIS 13630, *14-15 (10th Cir. July 3, 2012) ("the [Fair Housing Act] requires accommodations necessary to ensure the disabled receive the *same*

housing opportunities as everybody else, it does not require *more* or *better* opportunities"); <u>Forest City Daly Hous., Inc. v. Town of North Hempstead</u>, 175 F.3d 144, 151 (2d Cir. 1999) (affirming denial of preliminary injunction where plaintiffs could not demonstrate that the modifications they sought were available to non-disabled persons).

Moreover, plaintiffs have unencumbered access to the grassy area via a sidewalk adjacent to the area which is the same access provided to all other residents. Although plaintiffs may prefer to have direct access to the grassy area, they have failed to establish that direct access to this area is fundamental to their ability to use and enjoy their apartments. <u>See</u> <u>Scoggins v. Lee's Crossing Homeowners Ass'n</u>, 2011 U.S. Dist. 111980, *13-14 (E.D. Va. Sept. 29, 2011) (additional ramp at residence was not necessary for use an enjoyment of dwelling where resident had adequate primary ramp. Additional ramp was merely a preference, and therefore defendants were not required to provide additional ramp under Fair Housing Act.); <u>Resnick v. 392 Central Park West Condo.</u>, 2007 U.S. Dist. LEXIS 60232, *4-5 (S.D.N.Y. Aug. 14, 2007)(where existing means of access to residence was reasonable, defendant was not obligated to accommodate resident's preference for alternative means).

Because plaintiffs have failed to establish that their access to the grassy area is different than access provided to non-handicapped residents, and because they have failed to establish that access to the grassy are is fundamental to their use and

enjoyment of the property, as opposed to merely a preference, I find that plaintiffs have not established that they will likely succeed on their Fair Housing Act Claims.

2.   <u>Building Code Claim</u>

Plaintiffs contend that the removal of the rear patio ramps constitutes a violation of the New York State Uniform Fire Prevention and Building Code by rendering their apartments less accessible than when the ramps were present.  Specifically, in support of their argument, plaintiffs cite Section 605.1.12 of the 2010 Existing Building Code of New York State which provides in relevant part that alterations to a building "shall not reduce or have the effect of reducing accessibility of a building or a portion of a building or facility."  Plaintiffs contend that removal of the ramps reduces access to their apartments, and therefore, violates the New York State Building Code.

Section 605.1.12 of the Existing Building Code does not, however, prohibit any modification which may have the effect of reducing accessibility to a building.  Rather, this section prohibits reduced access to areas of "primary function" as defined in the code.  Pursuant to Section 202 of the Existing Building Code, a "primary function" is defined as a "major activity for which the facility is intended." Existing Building Code, § 202.

Plaintiffs have failed to establish that removal of direct access from their apartments to the grassy yard constitutes a restriction of access to an area that constitutes a "major activity

for which the facility is intended." As discussed more fully below, the grassy area is not a communal area, and is not maintained, other than being mowed. Defendants have provided a playground and other recreational areas for the use and enjoyment of tenants, and plaintiffs have unencumbered access to these areas. Because plaintiffs have failed to show that the grassy yard is an area of "primary function", I find that plaintiffs have failed to establish that they are likely to succeed on the merits of their building code claim.

> B. Plaintiffs have failed to establish that they will be subjected to irreparable harm absent issuance of <u>injunctive relief</u>.

Plaintiffs failed to include affidavits or any other direct evidence indicating that they would be subject to irreparable harm if ramps to their respective patios are not reinstalled. In the absence of any claim of irreparable harm included in their motion for a preliminary injunction, the court may look to their allegations of irreparable harm contained in the Complaint. According to the Complaint, Little, who uses a wheel chair, requires the patio ramp to access the apartment's parking area, and for use as an available emergency escape route. Cafferelli, according to the Complaint, requires the patio ramp in order to escort his children to and from a bus stop, and to access the grassy area where his children sometimes play.

I find that plaintiff's allegations fail to make a clear showing that they are subject to irreparable harm absent the grant

of a preliminary injunction.  There is no dispute that Little has access, via his wheelchair, to his designated handicapped parking area within the complex.[1]  That Little prefers to use his backdoor to access his parking area does not establish that he is subject to irreparable harm by being required to use his front door. Moreover, defendants have established that the screen doors used to access the rear patios can not be locked from the outside, and therefore, if Little were to leave his apartment from the rear, there would be no way to secure his apartment.  If Little's apartment was left unsecured, intruders would be able to access his apartment, and also the inside of the otherwise-secured apartment building, thus subjecting other tenants to potential personal danger or property theft.  As the defendants' have a legitimate interest in maintaining the security of their apartment buildings, they need not provide an accommodation that subjects the apartment community to a potential threat.

Defendants further point out that no apartments have access to the grassy area via steps or ramps, as the area is not intended to be traversed to access apartments.  Defendants note that there are no sidewalks, and that the ground is irregular and not maintained in the winter, which would make it unsuitable and potentially

---

[1] Although Little contended that on occasion, other tenants "propped" a door outside of his front door open, thereby preventing him from accessing his apartment through his front door, defendants have submitted evidence that the door in question has been modified so as to prevent it from impeding Mr. Little's access to or from his apartment through his front door.

dangerous for using an electric wheelchair to traverse.  Under
these circumstances, I find that Little has failed to establish
that depriving him of wheelchair access to the grassy area
constitutes an irreparable harm that must be remedied by issuance
of a preliminary injunction.

With respect to Little's claim that removal of the ramp
renders his apartment unsafe because it eliminates an emergency
exit, defendants have established that Little's apartment, as
modified, complies with all building and fire codes with respect to
emergency accessability, and plaintiffs have failed to establish as
a matter of law that their apartments are not in compliance with
all requirements.  Although  Mr. Little would like an additional
method of emergency exit, he fails to establish that he is legally
entitled to such an alternate method of access.[2]

Mr. Cafferelli claims that he is subject to irreparable harm
because he cannot escort his children to and from their bus stop.
There is no evidence, however, establishing that Mr. Cafferelli can
not use his front door to escort his children to their bus stop.
As stated above, the grassy area contains no sidewalks, is uneven,

_____

[2] While on this record, plaintiffs have not established that
they are entitled to a preliminary injunction requiring
defendants to reinstall the access ramps, the court is not
unsympathetic to the plaintiffs' argument that a method of
ingress and egress to their apartments--which heretofore existed
and was beneficial to the plaintiffs--has been taken away.
However, nothing in this decision prevents the defendants from
working with the tenants to explore compromise solutions that
would restore access to and from the respective patios to the
grassy area while maintaining the safety and security of all
residents.

is unmaintained in the winter, and, previously, could only be accessed from a door that does not lock.  The area is not intended to be an access way to or from any apartment, and none of the apartments include steps or stairs for the purpose of accessing the grassy area.  While the path to the bus stop is longer when using the front door, defendants are not required to provide Cafferelli with the shortest possible path to the bus stop, and under such circumstances, removal of access to the bus stop via the back door does not constitute irreparable harm.  Similarly, plaintiffs have failed to establish that the defendants are obligated to provide Cafferelli special direct access to an area that no other apartment has direct access to, or that failure to allow such access constitutes an irreparable harm.  Should Cafferelli wish to access the grassy yard, he may still do so, as the yard is handicapped accessible.  However, like every other resident, he must use his front door to gain access to that area.

<u>CONCLUSION</u>

For the reasons set forth above, I deny plaintiffs' motion for a preliminary injunction.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

_____

MICHAEL A. TELESCA
United States District Judge

DATED:    Rochester, New York
          September 5, 2012